372 So.2d 731 (1979)
Lois Girrard BERGERON, wife of John J. Bergeron, Sr.
v.
John J. BERGERON, Sr.
John J. BERGERON, Sr.
v.
Lois Girrard BERGERON, wife of John J. Bergeron, Sr.
No. 10141.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1979.
Rehearing Denied July 12, 1979.
*732 Keiler & Buckley, Edward H. Keiler and Samuel O. Buckley, River Ridge, for plaintiff-appellee.
Caryl H. Vesy, New Orleans, for defendant-appellant.
Before LEMMON, SCHOTT and GARRISON, JJ.
LEMMON, Judge.
In these consolidated actions John Bergeron has appealed from a judgment which dismissed his suit for separation grounded on cruel treatment and granted a separation to his wife in her suit grounded on abandonment. The principal issue on appeal is whether the record supports a finding of abandonment.
Each of the parties had children of a previous marriage. After the parties married in February, 1976, the husband's daughter and the wife's son and daughter lived with them. The parties lived together for two years, during which Mr. Bergeron left his wife on three occasions. He did not return after the last departure.
Mr. Bergeron blamed the marital discord primarily upon problems with his wife's son, Robert. Prior to the marriage Robert had been in a mental institution, and Mr. Bergeron assisted in his release, suggesting he might do well at home with a father image there. However, according to Mr. Bergeron, the boy quit school after being suspended several times, was in trouble with the police on several occasions, hit his stepsister with an ashtray, kicked the neighbor's child in the head while the child was fighting with his sister, cursed his mother and stepfather, and threatened to stab his stepfather during sleep. Mr. Bergeron arranged to send Robert to a school in Texas for education and treatment, but his wife refused to force Robert to go when he declined to do so freely.
Mr. Bergeron also stated that he could no longer live with his wife, even if there were no problems with Robert. He complained mainly about her attitude toward his children and stated that he had returned on previous occasions only after they had agreed not to let their children interfere with their marriage.
Mrs. Bergeron confirmed that Robert was not their only problem, stating they had many problems in the second year of marriage, after a happy first year, due principally to interference from his children and from hers. She attributed the intensity of many difficulties to the failure of Mr. Bergeron and his children to communicate dissatisfaction with particular incidents or situations, which resulted in constant tension.
*733 While Mrs. Bergeron professed she loved her husband and "didn't want a divorce to begin with", she stated in effect, when asked whether she had requested him to come back to the dwelling, that they had reached a point of no return.
On this record the trial court properly concluded Mr. Bergeron had failed to prove cruelty. However, noting Mr. Bergeron "acknowledged that he left", the court then opined the wife was entitled to a separation grounded on abandonment. We disagree with the latter conclusion.
C.C. art. 143 specifies the essential elements of abandonment as (1) withdrawal from the common dwelling, (2) absence of lawful cause for withdrawal, and (3) refusal of the spouse who withdrew to return to live with the other.[1] The party seeking a separation grounded on abandonment must prove all three elements. To obtain a judgment of separation the party cannot merely prove his or her spouse left the common dwelling and then rely on the spouse's failure to prove a case grounded on fault in the consolidated suit.
This problem is typically encountered when one spouse sues for separation based on fault and the other files a reconventional demand based on abandonment. The spouse instituting the suit based on fault (other than abandonment) does not automatically lose the reconventional demand if he cannot produce sufficient proof of fault.
Abandonment is a fault-based ground for separation, and the plaintiff has the burden of proving fault. This burden is not met when the other party fails to prove fault in a separate demand or a separate consolidated suit. Sykes v. Sykes, 321 So.2d 805 (La.App.4th Cir. 1975).
One of the essential elements of fault is the withdrawing spouse's refusal to return, and C.C. art. 143 clearly contemplates that a hasty or impulsive withdrawal by one party from the common dwelling shall not in itself furnish grounds for separation based on abandonment or desertion. There must be a degree of permanency to the decision to withdraw, evidenced by a constant refusal on the part of the withdrawing spouse to return to the common dwelling.[2]Sciortino v. Sciortino, 188 So.2d 224 (La.App. 4th Cir. 1966), cert. den. 190 So.2d 237; 27 La.L.Rev. 423, 425 (1967).
Furthermore, all of the essential elements of abandonment must be shown to be involuntary on the part of the spouse bringing the action. Thus, just as the initial withdrawal from the common dwelling must be without the consent of the other spouse in order to constitute an abandonment or desertion, the refusal to return to the common dwelling must also be a decision which is not based on mutual agreement.
In the present case, while Mrs. Bergeron did not have to show that she had initiated an attempt for reconciliation, it was necessary for her to show that her husband's remaining away was by his choice and was without her consent. In testifying that she had spoken to him, but had not asked him to return, she commented that they had separated before, that they had both spent money on lawyers, and that "(i)t's just ridiculous, I mean, either we make it or we don't and I told him that, you know". The import of her testimony was that their remaining apart was by mutual agreement based on their recognition and acceptance of substantial and irreconcilable *734 differences as to the handling of their children.[3]
We therefore conclude that neither party established fault on the part of the other.
Accordingly, the judgment of the trial court dismissing John Bergeron's suit is affirmed. The judgment in the suit brought by Mrs. Lois Bergeron is reversed, and it is now ordered that her suit be dismissed. Each party is to bear his own costs.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART.
NOTES
[1] C.C. art. 143 provides:

"Separation grounded on abandonment by one of the married persons can be admitted only in the case when he or she has withdrawn himself or herself from the common dwelling, without a lawful cause, has constantly refused to return to live with the other, and when such refusal is made appear in the manner hereafter directed."
[2] Thus, the codal article emphasizes preservation of the marriage and does not offer abandonment as an easy method for one party to obtain a judgment of separation if the other party left the common dwelling under the honest belief he was justified in doing so.
[3] By adding paragraph 10 to C.C. art. 138 in 1977, the legislature has recognized the existence of irreconcilable differences as a ground for separation, after a period of living separate and apart voluntarily for six months.