REDMANN, Judge.
An ex-husband appeals from an award of alimony to his ex-wife and “physical custody” of their child to him “subject to the present arrangement” of the child’s staying with relatives of the wife. We affirm the alimony and modify the custody award.
The two issues are related. Notwithstanding the absence of expert testimony, it is evident from the wife’s testimony (and doubtless found by the trial judge) that she has had and continues to have medical problems that both prevent her working full time and contraindicate her having the responsibility of her child at this time.
The question of the child’s custody must be resolved by awarding the ex-husband custody without limitation other than reasonable visitation by the ex-wife. Someone must have the legal custody and authority over the child, and that custodian must make such decisions as where the child goes to school and where the child stays while going to a school somewhat removed from the custodian’s own home.
The question of alimony must be resolved against the ex-husband. The ex-wife proved her freedom from fault (and the ex-husband largely conceded it) except that the ex-husband testified that the wife left the marital domicile and did not return. A simple leaving without returning does not, however, constitute abandonment within La.C.C. 143 for a judgment of separation because C.C. 143 requires the further element that the spouse who left “has constantly refused to return .... ” Bergeron v. Bergeron, (La.App.1979), 372 So.2d 731. And “only such conduct as will entitle one spouse to a separation or divorce ... is sufficient to deprive the other spouse of alimony after a final divorce.” Adams v. Adams (La.1980), 389 So.2d 381, 383.
To rule to the contrary would oblige the ex-spouse seeking alimony to prove not merely absence of causative fault on his or her part, but presence of fault on the other spouse’s part . A spouse may therefore concede that he or she left the marital domicile without thereby taking on the burden of proving that causative fault by the other spouse obliged the spouse to leave: it is only upon a showing that a spouse both left and “constantly refused” to return, we repeat, that that spouse’s fault sufficient to found a judgment of separation or to deny alimony is established.
Amended to award custody to ex-husband with reasonable visitation by ex-wife; otherwise affirmed.