WARD, Judge.
This is an appeal from a judgment granting Rose Ruffo Barras a separation from bed and board on the grounds of abandonment by her husband, Lawrence Barras. Both husband and wife filed suit for separation; her suit alleged abandonment and cruelty by physical abuse; his alleged constructive abandonment and cruelty. Mr. Barras also answered his wife’s suit, alleging that there was cause for striking her and denying abandonment. The suits were consolidated and, after trial on the merits, the Trial Court dismissed Mr. Barras’ suit, *1018 rendered judgment for Mrs. Barras, and ordered Mr. Barras to pay $150.00 per month alimony. Mr. Barras has appealed, contending that the judgment of separation in favor of his wife should be reversed because she failed to prove the essential elements of abandonment. He argues that the lower court should have found mutual fault or, alternatively, granted him the separation on the grounds of constructive abandonment or cruelty.
Mr. and Mrs. Barras were married June 1, 1974, and immediately established their matrimonial domicile in the home of Mrs. Barras. Both had previously been married. At the time of their marriage, he was 64 years old, and a widower, and she was only several years younger and a widow. Each had adult children from their previous marriage. Apparently, the couple experienced marital difficulties prior to the incidents giving rise to this litigation. Mrs. Barras had complained that Mr. Barras spent too much time participating in Knights of Columbus activities. Additionally, although she did not allege adultery, she complained that Mr. Barras spent too much time at the home of a widow he knew from church. The particular incidents which prompted these suits began on Saturday, June 21, 1980, when, as Mr. Barras was approaching the widow’s front door, Mrs. Barras drove up and asked him why he was there. Mr. Barras became angry because he was questioned, walked over to her car and squeezed her arm, causing a bruise. Nothing more came of this, and they continued to live together as husband and wife.
Another incident occurred at home in the family garage one week later. During their marriage, Mr. Barras had worked as a painter, and a major source of dissension between the couple was the storage of his painting supplies in the garage. On Saturday, June 28,1980, Mrs. Barras provoked an argument over the paint in the garage. Mr. Barras alleges she threw a can of paint; Mrs. Barras contends that she merely moved it and placed it by the door of the garage. The argument escalated into a fight, during which Mrs. Barras grabbed at her husband’s genitals, threatened him with a broomstick and ripped his shirt during the scuffle, and Mr. Barras slapped Mrs. Barras in the face. Mrs. Barras shouted for the police and Mr. Barras left, fearing arrest. After leaving home, Mr. Barras went about his normal Saturday activities, stopping by the church and then going on to work. While he was gone, Mrs. Barras locked him out and put his clothes in the alley. When he returned home, Mr. Barras found that he could not enter, and, after finding his clothes in the alley, he left. He spent several days with his children before obtaining a furnished apartment for himself. Several weeks later, Mrs. Barras telephoned him and told him to remove the remainder of his belongings.
Because we do not believe that these facts prove abandonment by either Mr. or Mrs. Barras, we hold that the Trial Court erred when it rendered a judgment of separation to Mrs. Barras on the grounds of abandonment. La.C.C. Art. 143 specifies three essential elements of abandonment: (1) Withdrawal from the common dwelling; (2) Absence of lawful cause for withdrawal; and (3) Refusal of the spouse who withdrew to return to live with the other. The party seeking a separation on grounds of abandonment must affirmatively prove all three elements. Bergeron v. Bergeron, 372 So.2d 731 (La.App. 4th Cir.1979); Chamblee v. Chamblee, 340 So.2d 378 (La.App. 4th Cir.1976).
In the instant case, Mrs. Barras has not proven either that Mr. Barras withdrew from the common dwelling or that he refused to return to live with her. Abandonment must be shown to be voluntary. Bergeron v. Bergeron, supra. A hasty or impulsive withdrawal by one party from the common dwelling does not in itself furnish grounds for a separation based on abandonment. There must be a degree of permanency in the decision to withdraw, evidenced by a constant refusal on the part of the withdrawing spouse to return to the common dwelling. Sciortino v. Sciortino, 188 So.2d 224 (La.App. 4th Cir.1966), cert. denied 249 La. 726,190 So.2d 237, 27 L.L.R. *1019 423, 425 (1966); Bergeron v. Bergeron, supra; Belou v. Belou, 231 So.2d 580 (La.App. 4th Cir.1970). The record clearly shows that Mrs. Barras locked Mr. Barras out of the family home and that Mr. Barras attempted to return to the common dwelling several hours after the fight in the garage. Although Mrs. Barras did not have to show that she initiated an attempt for reconciliation, it was necessary for her to show that her husband’s remaining away was by his choice and without her consent. Bergeron v. Bergeron, supra. Mrs. Barras did not prove that her husband remained away by his choice and without her consent. Therefore, we reverse the judgment of the Trial Court granting Mrs. Barras a separation on the grounds of abandonment.
On the other hand, we do not believe that the evidence shows that Mrs. Barras constructively abandoned Mr. Barras, as he contends. While Mrs. Barras locked him out and put his clothes and other personal belongings in the alley, and although such conduct has been held to be abandonment or cruelty, Meche v. Meche, 410 So.2d 1174 (La.App. 3d Cir.1982), in this instance, we believe there was sufficient cause and provocation to justify Mrs. Barras’ refusal to permit her husband to return to the family home, which was her separate property. Thus, Mrs. Barras’ fault does not constitute constructive abandonment.
Rather we believe that Mr. and Mrs. Barras were mutually at fault in causing the separation because of their cruel treatment of each other. Each case must stand on its own facts, and, in considering whether there was cruelty, we must consider the parties, their age, their sensitivities, as well as the other facts shown in the record. Each physically abused the other during the fight in the garage; Mrs. Barras provoked the fight and Mr. Barras overreacted and slapped his wife. She retaliated and her conduct was inexcusable.
For these reasons, we hold that both Mr. and Mrs. Barras were at fault. Mutual fault is a legal cause for separation from bed and board. La.C.C. Art. 141. Therefore, we reverse and amend the judgment of the District Court to grant a judgment of separation from bed and board to each. All costs of trial and this appeal are to be shared equally.
REVERSED AND AMENDED.