378 So.2d 1022 (1979)
Autry Davison GUIN, Plaintiff-Appellee,
v.
Charlie Avon GUIN, Defendant-Appellant.
No. 13977.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1979.
*1023 Kennedy, Goodman, Donovan & Parnell by Robert J. Donovan, Jr., Shreveport, for defendant-appellant.
Love, Rigby, Dehan, Love & McDaniel by William G. Nader, Shreveport, for plaintiff-appellee.
Before PRICE, MARVIN and JONES, JJ.
PRICE, Judge.
Plaintiff-wife filed suit against defendant-husband for separation from bed and board on the grounds of cruel treatment and abandonment. The husband reconvened for a separation on the grounds of cruel treatment and constructive abandonment. The trial court found that neither party had proven their allegations of mental cruelty or abandonment with sufficient evidence to support a judgment of separation and granted the original plaintiff a legal separation on the ground that the parties had voluntarily lived separate and apart in excess of one year without reconciliation. Defendant has appealed contending the trial court erred (1) in failing to find plaintiff guilty of mental cruelty or constructive abandonment; (2) in failing to find the parties mutually at fault; (3) in awarding a separation on grounds not put at issue by the pleadings.
There is no error in the trial court's conclusion that plaintiff was not guilty of mental cruelty or constructive abandonment. The parties have been married since 1942. Of the four children born of the marriage, one is deceased, two are grown, and a twelve-year-old son continues to live with plaintiff. Their principal differences stem from defendant's failure to spend adequate time at home with his family. He explains his time is consumed with working additional hours at his job with Southwestern Electric Power Company and in managing a family farm at Montgomery which gives him additional income. Plaintiff contends defendant uses whatever free time available to him on hunting trips and neglects to provide recreation for the family.
The precipitating incident causing the separation of the parties happened on November 24, 1977, when defendant left on a hunting trip to West Texas over the objections of plaintiff. He contends her warning to him not to come back if he went on this trip constituted constructive abandonment.
The record shows defendant made no attempt to return to the domicile after completion of this trip, and he admits he would probably not have returned had plaintiff asked him.
We construe the ultimatum given defendant by plaintiff more in the nature of a plea for defendant to spend more time at home than an unconditional demand to move out. These circumstances do not constitute constructive abandonment.
The trial court was also correct in refusing to award a separation on a finding of mutual fault as authorized by La.C.C. Art. 141. The degree of fault necessary to warrant a separation under any of the provisions of Art. 138 has been defined as "unjustifiable conduct on the part of either husband or wife which so grievously wounds the mental feelings of the other, or such as in any manner utterly destroys the legitimate ends and objects of matrimony." Krauss v. Krauss, 163 La. 218, 111 So. 683 (La.1927). Also see Denbo v. Denbo, 345 So.2d 1257 (La.App. 1st Cir. 1977).
There has been no substantial fault shown on the part of either plaintiff or defendant in this instance.
The trial court in effect found that the parties became estranged because of an unwillingness on the part of either party to compromise their conflicting views on their *1024 reciprocal matrimonial responsibilities and privileges. These circumstances are within the purview of the purpose which subparagraph (9) of C.C. Art. 138, permitting the granting of a separation after a one year voluntary separation, was intended to accommodate.
Defendant also contends that the trial court erred in awarding a separation under Art. 138(9) when there was relevant and material evidence supporting the grounds alleged in his petition. As noted above there is insufficient evidence in the record to justify a separation on the grounds alleged by either party. Our Code of Civil Procedure provides for a system of fact pleading. Articles 854, 891, 1003, and 1004. So long as the facts constituting the claim or defense are alleged or proved, the party may be granted any relief to which he is entitled under the evidence. Articles 862, 1154, and 2164. Cox v. W. M. Heroman, 298 So.2d 848 (La.1974). Since plaintiff was seeking a judgment of separation and the evidence showed at the time of trial the parties had lived separate and apart for one year, the judgment decreeing the separation on this basis was proper despite her failure to specifically plead this theory for the separation.
Lastly, the defendant complains a determination by the trial court that neither party was at fault was not pertinent or relevant and should therefore be deleted from the judgment. Both parties alleged fault against the other as grounds for separation. The evidence was insufficient to sustain a judgment on those grounds, but clearly the parties' fault was at issue and was properly resolved in the trial court proceeding. Therefore, under these particular facts, a separation granted under C.C. Art. 138(9) did not preclude the trial court from also decreeing an absence of fault on the part of either party for whatever effect it might have on future rights to claim permanent alimony.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.