422 So.2d 691 (1982)
Gail Gibbens STICKLEY, Plaintiff-Appellant,
v.
Foster R. STICKLEY, Jr., Defendant-Appellee.
No. 82-302.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
Edwards, Stefanski & Barousse, Nolan J. Edwards, Crowley, for plaintiff-appellant.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Edward C. Abell, Jr., Lafayette, for defendant-appellee.
Before DOUCET, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
Gail Gibbens Stickley appeals from a judgment dismissing her suit for separation based on grounds of cruel treatment and from the granting of a judgment of separation in favor of her husband, Foster Stickley, in reconvention, based on grounds of abandonment. We affirm.
The Stickleys were married in 1955. Foster Stickley is a physician and Gail Stickley is an artist and art instructor. They lived in Crowley, Louisiana.
Around August 5, 1981 Mrs. Stickley moved out of the family home. Two days later, August 7, she filed suit for separation based on grounds of cruel treatment.
Sometime shortly after August 10, 1981, Dr. Stickley moved to a small town in Texas.[1]
The day after her husband moved to Texas, Mrs. Stickley moved back into the family home.
*692 On October 6,1981, Dr. Stickley answered and denied his wife's allegations of cruel treatment and reconvened seeking a separation based upon abandonment. The reconventional demand alleged that Mrs. Stickley had refused to move to Texas with her husband in violation of her obligation under La.Civ.Code art. 120 to follow her husband wherever he chose to reside, and that the refusal constituted a legal abandonment of the marriage. Mrs. Stickley answered the reconventional demand alleging that La. Civ.Code art. 120 violates the Louisiana Constitution of 1974 and the United States Constitution.
After trial on the merits the trial court found that Mrs. Stickley had abandoned her husband based on her refusal to follow him to Texas. The trial court overruled the plea of unconstitutionality as to La.Civ. Code art. 120.
The issues presented by this appeal are: 1) whether the trial court erred in dismissing plaintiff's demands for separation based upon cruelty; and 2) whether the trial court erred in granting the defendant's reconventional demand for separation based upon abandonment.

DISMISSAL OF SEPARATION BASED ON CRUELTY
The marriage had been in trouble for several years. The couple had separated once earlier but resumed living together. After this, according to Mrs. Stickley, the arguments, anger, and violence continued and worsened. It got to the point before the final parting that there was a total lack of communication. Mrs. Stickley stated that the couple had not had sexual relations for weeks prior to the separation. Her testimony does not disclose any specific acts of cruel treatment on the part of her husband. She never indicated by whose fault the arguments, anger and sexual inattention happened, saying only that these problems described the relationship.
There was no other testimony offered to support the charge of cruel treatment. We agree with the trial judge that this is insufficient evidence to support the granting of a separation from bed and board in favor of the wife on the grounds of cruelty. See Mahmud v. Mahmud, 384 So.2d 823 (La.App. 4th Cir.1980). We accordingly find that the trial court correctly dismissed the demands of Gail Stickley.

PROOF OF ABANDONMENT
The wife argues that the trial court erred in finding she had abandoned her husband. She contends that the obligation of the wife to follow her husband under La.Civ.Code art. 120 cannot be utilized as a basis for granting a separation on the grounds of abandonment because that article violates the Equal Protection Clause of the United States Constitution and Article 1, § 3 of the Louisiana Constitution of 1974.
A plea of unconstitutionality should not be considered unless necessary to the disposition of the case. Benson & Gold Chevrolet, Inc. v. Louisiana Motor Vehicle Commission, 403 So.2d 13 (La.1981); and Collins v. Division of Foster Care, Etc., 377 So.2d 1266 (La.App. 4th Cir.1979).
We find that the trial court need not have considered the application of La.Civ. Code art. 120 in determining whether Mrs. Stickley abandoned her husband. The facts of this case do not present the simple situation of a husband leaving his wife to establish a new marital domicile and the wife refusing to follow as contemplated by Civ. Code art. 120. Here, Mrs. Stickley withdrew from the family home prior to the departure of her husband to Texas. She did so for the express purpose of separating from him and to enable her to file suit. On these facts the application of La.Civ.Code art. 143, and not article 120, is appropriate to the determination of the case.
The elements of proof of abandonment under La.Civ.Code art. 143 require a showing of (1) withdrawal from the common dwelling (2) absence of lawful cause for withdrawal, and (3) refusal of the spouse who withdrew to return to live with the other. Civ.Code art. 143; and Mahmud v. Mahmud, supra.
*693 Mrs. Stickley withdrew from the family home around August 5,1981. A few days later Dr. Stickley moved to Stephenville, Texas to establish a medical practice there which would be less stressful than his practice in Crowley. He testified that he invited his wife many times to reside with him in Texas but that she refused. This testimony was corroborated by the couple's daughter and the stipulated testimony of one of their sons. The plaintiff admitted that her husband told her she could go live with him in Texas. She never returned to live with him. Thus the first and third elements of proof of abandonment exist because Mrs. Stickley withdrew from the common dwelling and refused to return to live with her husband.
The remaining element of proof is whether Mrs. Stickley left without lawful cause. As the court said in Levine v. Levine, 373 So.2d 1380 (La.App. 4th Cir.1979), the "... `lawful cause' necessary to justify a spouse's leaving the matrimonial domicile need not be such as to constitute lawful grounds for separation". In that case the facts presented to show lawful cause were that the couple did not have sexual relations prior to the separation, and that the husband had a weight problem and an explosive temper. The trial court found that these facts did not amount to lawful cause for the wife's withdrawal. Finding no manifest error in this factual determination, the appellate court affirmed.
In the present case Mrs. Stickley testified that the couple argued and had a total lack of communication and that they had not had sexual relations for several weeks before she left the home. It is also obvious from the record that Mrs. Stickley did not want to move to Texas. The trial court in determining that Mrs. Stickley had abandoned her husband, even under the rationale of Civ.Code art. 120, necessarily found that Mrs. Stickley lacked lawful cause in refusing to follow her husband. Considering the similar reasons for the wife refusing to return to her husband in Levine, supra, and the result in that case, we cannot state that the trial court's finding that Mrs. Stickley lacked lawful cause for leaving was clearly wrong.
For the reasons assigned the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] The date he moved to Texas is uncertain but he was still in Crowley on August 10 as the record reveals personal service of a restraining order on him on that date.