424 So.2d 1189 (1982)
Clark Joseph DUGAS
v.
Claudette Ann Domangue DUGAS.
No. 82 CA 0332.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
Robert Barrios, Houma, for plaintiff and appellant.
Stanwood R. Duval, Jr., Houma, for defendant and appellee.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
The main issue presented in this domestic relations case is the meaning of the term "lawful cause" in a suit for abandonment.
The facts are as follows. Plaintiff, Clark Dugas, and defendant, Claudette Domangue Dugas, were married in 1956. Six children were born of this marriage. In July of 1981, Mr. Dugas informed Mrs. Dugas *1190 he was moving out as of August 2nd. Although the testimony at trial was conflicting as to his reasons for leaving, Mr. Dugas argues in his brief the main reason he left was because he was allergic to Mrs. Dugas' cats and she refused to get rid of them. In addition, Mr. Dugas contends the house was so unkempt it was uninhabitable.
Mr. Dugas filed suit for separation based on Mrs. Dugas' cruel treatment. Mrs. Dugas answered and reconvened, seeking a separation based on Mr. Dugas' abandonment. The matter proceeded to trial and after plaintiff put on his evidence concerning the cruel treatment charge, the court granted a directed verdict for defendant. The case proceeded on the reconventional demand and the court rendered judgment in favor of Mrs. Dugas (plaintiff-in-reconvention) on the abandonment charge. Mr. Dugas has appealed.
Plaintiff-appellant argues the trial court erred in granting the directed verdict and in finding abandonment on his part.
We find no error in the court's granting the directed verdict. La.Code Civ.P. art. 1810(B) provides a directed verdict may be rendered after the plaintiff presents his evidence if "... upon the facts and law, the plaintiff has shown no right to relief...." The evidence put on by plaintiff consisted only of his own testimony. He stated he and his wife argued frequently and that he was very unhappy about the condition of the house and the presence of many cats. We agree with the trial court this evidence does not establish defendant was guilty of cruel treatment.
Plaintiff argues the court erred in finding he had abandoned his wife. The requirements for proof of abandonment are set forth in Civil Code art. 143. The proof consists of three distinct elements: that the party has withdrawn from the common dwelling, that the party has left without lawful cause, and that the party has constantly refused to return to live with the other.
There is no dispute over the first element: all parties agree Mr. Dugas left the matrimonial domicile on August 2, 1981. The controverted matter is whether he left with or without lawful cause.
The meaning of the phrase "lawful cause" under article 143 has been much disputed among the circuits. The Fourth Circuit has stated unequivocally the lawful cause under article 143 need not be the equivalent of lawful cause necessary to obtain a legal separation under article 138. Mahmud v. Mahmud, 384 So.2d 823 (La. App. 4th Cir.1980); Levine v. Levine, 373 So.2d 1380 (La.App. 4th Cir.1979); Sykes v. Sykes, 321 So.2d 805 (La.App. 4th Cir.1975). In each of these cases the court indicated that such reasons as "irreconcilable differences," (Mahmud), "incompatibility" (Sykes) and the fact that living together had become "insupportable" (Levine), were sufficient causes for the withdrawing spouse to leave.
This circuit, however, has yet to veer from the more traditional view that a party is not justified in leaving the matrimonial domicile unless that party has reasons which would amount to grounds for a separation under article 138. Denbo v. Denbo, 345 So.2d 1257 (La.App. 1st Cir.1977). The Second Circuit applies the same rule. Quinn v. Quinn, 412 So.2d 649 (La.App. 2d Cir.1982), writ denied 1982; Loftin v. Loftin, 304 So.2d 869 (La.App. 2d Cir.1974). See also Johnson v. Welsh, 334 So.2d 395 (La.1976) and Berry v. Berry, 310 So.2d 626 (La.1975).[1]
We see no reason to deviate from the rule set down by this circuit. We fear setting a *1191 dangerous precedent were we to agree with the Fourth Circuit that a spouse is justified in leaving the matrimonial domicile based on mere incompatibility. Such a standard is susceptible to much subjective interpretation with inevitably inconsistent results. We prefer to adhere to the more objective standard and require the leaving spouse to show the reasons they left were reasons which would give that spouse sufficient grounds for obtaining a separation.
We note here although we agree with the trial court Mr. Dugas failed to prove his main demand for a separation based on cruel treatment, this does not mean he automatically loses on the abandonment charge. Bergeron v. Bergeron, 372 So.2d 731 (La.App. 4th Cir.1979). The abandonment claim, as a reconventional demand, must be proved by the party asserting it. The crucial question then, is whether Mrs. Dugas proved Mr. Dugas left the matrimonial domicile without grounds that would have given him a basis for a suit for separation under article 138.
Both parties testified as to their version of the cause of Mr. Dugas' withdrawal. Mrs. Dugas stated there were problems created by her husband's mother. She was aware Mr. Dugas did not like the cats but alleged she tried to accommodate him by keeping the cats outside most of the time. She denied having been informed he was leaving because of his allergies to the cats. She stated it was difficult to keep a straight house because eight people lived in the small house containing only three bedrooms and one bath. She insisted he told her the only reason he was leaving was because they were incompatible. She alleged she begged him not to leave up until the day of his actual departure.
On the other hand, Mr. Dugas stated he could not continue to live in the cluttered, filthy conditions. He offered photographs, some taken as many as five years before the trial and some taken only days before he departed. The photographs showed a house in a state of total disarray. He alleged he was also allergic to dirt and found it almost impossible to live in such a dirty house. He claimed he was bothered by numerous roaches and fleas. At one point in his testimony he stated he did not recall if he informed his wife he was leaving because of the allergies and at another point he said he did so inform her. He admitted he made up his mind to leave shortly after getting the results of the allergy tests and therefore was determined to fulfill his commitment to himself and leave upon the appointed date. He testified Mrs. Dugas had asked him not to leave. He also testified as far as he was concerned, the marriage had ended years before and he had remained only for the sake of the children.
After reviewing the record we have reached a conclusion as to why Mr. Dugas left. Although his decision to leave may have been influenced somewhat by the allergy problem and the unkempt condition of the house, we conclude his basic reason for leaving was a general dissatisfaction with his marriage and mutual incompatibility of the parties.
In light of this evidence, we have no difficulty in saying Mr. Dugas did not have "lawful cause" for leaving. Mutual incompatibility or a general dissatisfaction with a relationship is not grounds for one party to obtain a separation from the other.[2]
Appellant contends even if he left the matrimonial domicile without lawful cause, appellee has failed to prove he has constantly refused to return. We disagree. While no direct testimony was taken on this issue, we feel a reasonable inference can be made from the record. Mr. Dugas moved out of the house on August 2, 1981, and filed suit for separation on August 7. The fact he sought a legal separation, in itself, indicates he was not planning to return to the matrimonial domicile. In other words, *1192 this was not a case where the abandoning party simply got fed up and impulsively moved out of the house with the idea he would return if the parties later reached an agreement over their differences. Obviously, Mr. Dugas had carefully considered the matter and intended to terminate the marriage. There is no evidence in the record of any significant contact or negotiations between the parties after the initial break-up. From these facts we can infer Mr. Dugas remained firm in his conviction to remain away from the matrimonial domicile. See Von Bechman v. Von Bechman, 386 So.2d 910 (La.1980) and Belou v. Belou, 231 So.2d 580 (La.App. 4th Cir.1970), writ refused 1970.
For these reasons, the judgment of the trial court is affirmed. Costs are to be paid by appellant, Clark Dugas.
AFFIRMED.
NOTES
[1] In these cases the issue was whether the plaintiff-wife had established a separate domicile sufficient to allow her to sue in a jurisdiction away from the original matrimonial domicile. The cases note the general rule is a married woman may establish a domicile away from her husband if she is abandoned or if she is justified in leaving her husband because of his misconduct. The court notes such misconduct is substantially equivalent to conduct that would constitute grounds for a separation. Although the issue in these cases is different from the one at hand, the reasoning lends support to the argument "lawful cause" for leaving is the same as "lawful cause" for a separation decree.
[2] Civil Code art. 138(10) allows spouses a separation based upon their living separate and apart for six months and filing an affidavit attesting to their "irreconcilable differences." However, this requires an agreement on the part of both spouses and is not a ground for one spouse obtaining a judgment against another.