470 So.2d 947 (1985)
Celine Marie DURAND, Plaintiff-Appellee,
v.
Joseph Burton WILLIS, Defendant-Appellant.
No. 84-467.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
*948 J. Burton Willis, St. Martinville, for defendant-appellant.
Diana P. Simon, of Simon and Woodruff, Lafayette, for plaintiff-appellee.
Before STOKER, LABORDE and KING, JJ.
LABORDE, Judge.
The trial judge found that husband and wife had lived separate and apart for one year, and on this basis he entered a judgment of separation from bed and board. Defendant-appellant husband J. Burton Willis (Burt) appeals, contending that the trial judge erred, and that he is entitled to separation on grounds of cruelty and/or abandonment. Plaintiff-appellee wife Celine Marie Durand (Celine) answers, and seeks a finding that she is entitled to separation on grounds of cruelty, or, alternatively, an affirmance. We amend the judgment of separation in this case. Defendant-appellant is entitled to a judgment of separation on grounds of abandonment. As amended, we affirm the separation judgment of the district court.
Celine Marie Durand and J. Burton Willis were married in 1948. Seven children were born of the marriage. Only the youngest child, Emily Anne Willis, is still below the age of majority.
It is beyond dispute that the parties' marriage has deteriorated over a long period of time. The long-standing gradual deterioration appears to have increased geometrically subsequent to the attainment of majority age by most of the children, as noted by the trial judge in his reasons for judgment.
In 1980, Celine filed a petition for separation from Burt. This petition alleged cruelty as a basis for legal separation. No physical cruelty was alleged; instead, Celine cited, both by specific alleged instances and in sum, Burt's "domineering" attitude, his control of family financial matters, his old-fashioned notions of proper child-rearing, his "silent treatments," his selfishness, his "air of superiority," and other traits and characteristics of Burt that she found offensive. Thereafter, the parties discussed their differences and attempted reconciliation. Celine's petition was dismissed with prejudice.
The problems between the parties resurfaced after the reconciliation attempt. On February 3, 1983, while her husband was in Houston for hip surgery, Celine again filed *949 for separation, which resulted in the proceedings from which this appeal is taken. Her petition alleged that she and her husband had lived separate and apart for one year, and she also claimed that the same pattern of cruel conduct alleged in her prior petition had resumed, thereby entitling her to separation on fault grounds. Celine packed her belongings and left the marital domicile on February 4, 1983, the day after she filed suit, and she has not returned. She has, since that date, resided with her mother. Burt returned from his surgery in Houston on February 4, 1983, to find that his wife had left their home.
Burt answered Celine's petition. He denied her allegations of cruelty, and he also denied her allegation that they had lived separate and apart for one year. He correctly claimed that they had lived together throughout their marriage until Celine left the marital domicile on February 4, 1983, after she had filed her petition for separation. In reconvention, Burt alleged that Celine had abandoned him, and also that she was guilty of cruelty. As to Celine's alleged cruelty, Burt cited, both by specific instances and in sum, Celine's squandering and wasting of community property, her indifference to his health and his existence, her turning certain of his children against him, her refusal to accept any household duties, her refusal to care for and to accompany him during his two hip surgeries and prior open-heart surgery, and her refusal to speak to him except occasionally to reproach him or to gripe. Burt also listed further traits and characteristics of Celine which he found offensive, just as Celine had done in regard to Burt in her petition.
Rules on preliminary matters not at issue here were initially tried. After several further delays, the trial on the merits of the parties' separation suit was heard. This trial was interrupted and continued several times; it concluded on March 1, 1984.
The trial judge found that neither party had proved fault grounds for separation. However, although Celine left the matromonial domicile the day after she filed for separation, the trial judge found that the parties had lived separate and apart for one year by the time he rendered judgment; therefore, the judge granted the parties a no-fault separation on the basis of Civil Code article 138(9).
On appeal, defendant-appellant Burt Willis claims that the trial judge erred as follows:
(1) The trial judge erred by not finding that Celine was cruel to Burt.
(2) The trial judge erred by not finding that Celine abandoned Burt.
(3) The trial judge erred by granting a separation on the basis of husband and wife voluntarily living separate and apart for one year with no reconciliation.
Plaintiff-appellee Celine Durand seeks a finding by this court that the trial judge erred by not finding Burt guilty of cruel treatment to Celine or, alternatively, an affirmance of the lower court's judgment. We will first discuss the issue of cruelty, and then we will examine abandonment as a basis for separation in this case. Because of our resolution of this appeal, we need not rule on whether the trial judge erred by granting a separation on the basis that the parties lived separate and apart for one year.[1]

*950 CRUELTY
Louisiana Civil Code article 138 sets forth the grounds for separation from bed and board in this state. The pertinent provisions that govern the parties' allegations of cruelty state:
"Separation from bed and board may be claimed reciprocally for the following causes:

....
3. On account of habitual intemperance of one of the married persons, or excesses, cruel treatment, or outrages of one of them toward the other, if such habitual intemperance, or such ill-treatment is of such a nature as to render their living together insupportable."
La.Civ.Code art. 138 (emphasis added).
While the trial judge did not totally disbelieve all the factual allegations of purported cruel behavior by the parties, he found that these alleged wrongs did not entitle either party to a separation based on cruel treatment, because nothing was proved that would "render their living together insupportable." We agree.
It would serve no useful purpose to discuss the numerous acts, traits, and characteristics of either spouse that the other spouse claims as "cruelty." We note, as did the trial judge, that both Burt and Celine are civil, well-respected members of the community, and they behave accordingly. No physical mistreatment is alleged, and, as stated by the trial judge, "no adultery, and triangles, none of that." The conduct that the spouses cite as cruel is largely because of differences of opinion about management of finances, child-rearing, and the reciprocal duties that one spouse owes to the other. Indeed, a large portion of the alleged cruel conduct is best summed up by the oft-repeated words of appellant: "trivial," "trifles light as air." Both spouses are somewhat obstinate, and, as noted by the trial judge, after more than 35 years of marriage, they are set in their ways. If the conduct of either spouse is labeled "cruel," then it is clear that both spouses were cruel, because the petty bickering, disagreements, and periods of silence resulted from the joint actions of both spouses. See La.Civ.Code art. 141.
As we opined recently in Derbes v. Derbes, 462 So.2d 302 (La.App. 3d Cir. 1985), a finding of cruelty vel non under article 138(3) in effect requires two analyses of fact. 462 So.2d at 307. First, the trial judge must decide whether or not the objective factual conduct which is alleged to be cruel actually occurred; second, if he finds that the conduct in fact occurred, the judge must make a further, largely subjective determination as to whether or not that conduct "render[ed] their living together insupportable" under the terms of article 138(3). 462 So.2d at 307. For example, in this case, Burt alleged that Celine treated him cruelly by not accompanying him to Houston for major surgery after he *951 had asked her to do so. First, the trial judge had to determine whether, in fact, Celine refused to accompany Burt after being asked to do so. Second, the trial judge had to determine whether, if proved, this conduct, either singly or in combination with other proved conduct, constituted cruelty because its impact on Burt and on their marriage was in fact so adverse as to "render their living together insupportable." As aptly noted by the trial judge, conduct that might constitute cruelty in one case may not be cruelty in a different context.
In this instance, the trial judge found that such allegedly cruel conduct as had been proved at trial did not factually render it insupportable for the parties to live together. In the absence of manifest error, the factual component of such a determination should not be disturbed on appeal. LeBlanc v. LeBlanc, 362 So.2d 568, 569 (La.1978).
The record, taken as a whole, supports the factual conclusion that neither spouse was cruel to the other. The trial judge also applied the correct legal standard to cruelty under article 138(3).

ABANDONMENT
Louisiana Civil Code article 138(5) provides that a spouse has grounds for a separation from bed and board if the other spouse abandons him or her. Louisiana Civil Code article 143 sets forth the elements of abandonment:
"Separation grounded on abandonment by one of the parties can be admitted only in the case when he or she has withdrawn himself or herself from the common dwelling, without a lawful cause, has constantly refused to return to live with the other, and when such refusal is made to appear in the manner hereafter directed; provided, however, that separation grounded on abandonment may be the object of a reconventional demand in any suit for separation from bed and board."
It is readily apparent that three elements must be established to prove abandonment in Louisiana: (1) one spouse leaves the common dwelling where that spouse resided with the other spouse; (2) the leaving is without "lawful cause"; and (3) the spouse that leaves constantly refuses to return to the other spouse. E.g., Stickley v. Stickley, 422 So.2d 691, 692 (La.App. 3d Cir. 1982), writ denied, 427 So.2d 1206 (La. 1983).
As expressly found by the trial judge, the two parties lived together until February 4, 1983, when Celine left the common dwelling. Neither party disputed this basic fact at trial, nor does either party question this fact on appeal. The evidence establishes that Burt did not ask or force Celine to leave, nor has he attempted to prevent her return. This is not a case in which it can be said that the spouse who remains in the marital home has "constructively abandoned" the other spouse by barring that spouse from the marital abode. Cf. Quinn v. Quinn, 412 So.2d 649 (La.App. 2d Cir.), writs denied, 415 So.2d 941, 945 (La.1982); Burnett v. Burnett, 349 So.2d 488 (La.App. 3d Cir.1977). Celine left the common dwelling and she has constantly refused to return. Thus, two of the three elements of abandonment are firmly established in this case. Appellant's proof of the remaining elementwhether Celine left him without "lawful cause"provides a much closer question, albeit of law, not of fact.
The trial judge rejected Burt's plea of abandonment because he believed that the parties' marital problems provided "lawful cause" for Celine to leave their home. "Regardless of who is responsible ... there was nothing left to abandon.... She just moved. She went from one house to the other. She didn't abandon Burt." Later, the trial judge again stated: "And, on the ground of abandonment, Celine didn't leave Burt. She wasn't with Burt. She just moved from one place to another." After reargument on the question of abandonment, the judge added:
"In my oral reasons for judgment given in this matter on March 1st of this year, I found that neither side had proven to my satisfaction their allegations of *952 cruelty toward the other, and that although Mrs. Willis had concurrently with filing her suit moved from the home that both of them lived in, that that in my view did not constitute abandonment on her part, considering the circumstances of the case.
....
... Mrs. Willis did not abandon Mr. Willis. They in effect were not togetherand as I said before, to me, there was nothing common about the dwelling that she left, except they both lived in it."
There is no clear error in the trial judge's assessment of the facts of this case. A review of the record reveals ample support for his factual conclusion that friction and dissatisfaction precipitated Celine's exit from the parties' home. Notwithstanding the trial judge's adroit verbal juggling of the meaning of the phrase "common dwelling," however, the fact remains that Celine did leave the marital home, which is what "common dwelling" means under article 143. The factors that the trial judge relied upon in concluding that the "dwelling" was not "common" instead are relevant to determine whether or not Celine left for "lawful cause." Celine sought to establish Burt's alleged cruel conduct as "lawful cause" for a legal separation. The trial judge found that she did not prove her case. As previously discussed, that finding is sound, both legally and factually. However, the trial judge found that certain proved disagreements and offensive conduct, while not "render[ing] their living together insupportable," did, in fact, cause her to leave the matrimonial domicile. The question we must answer is whether that cause is "lawful cause" under article 143.[2] The question is one of law, not of fact.
There is a split in the circuits over the proper resolution of this issue. The Fourth Circuit has held that "lawful cause" under article 143 based on disagreements and misconduct of the parties need not be the equivalent of lawful cause that would allow a separation under article 138. See, e.g., Mahmud v. Mahmud 384 So.2d 823, 825-26 (La.App. 4th Cir.1980) ("irreconcilable differences"); Levine v. Levine, 373 So.2d 1380, 1384 (La.App. 4th Cir.1979); Sykes v. Sykes, 321 So.2d 805, 807 (La.App. 4th Cir. 1975) ("spouses are incompatible"). Conversely, the First Circuit and the Second Circuit follow the rule that when the exit from the common dwelling is based on disagreements and misconduct, that exit is not for "lawful cause" under article 143 unless the exiting party has reasons for leaving that amount to grounds for separation under article 138. See Dugas v. Dugas, 424 So.2d 1189, 1190-91 (La.App. 1st Cir.1982); Quinn v. Quinn, 412 So.2d 649, 652-53 (La.App. 2d Cir.) ("friction, dissatisfaction or incompatibility" is not lawful cause), writs denied, 415 So.2d 941, 945 (La.1982).
This circuit has made conflicting statements as to whether "lawful cause" under article 143, in pertinent instances,[3] must be such as to entitle the leaving spouse to a separation under article 138. In Stickley v. Stickley, 422 So.2d 691 (La.App. 3d Cir. 1982) (per Yelverton, J.), writ denied, 427 So.2d 1206 (La.1983), we opined that "`"lawful cause" necessary to justify a spouse's leaving the matrimonial domicile need not be such as to constitute lawful grounds for separation.'" Id. at 693 (quoting the Fourth Circuit's Levine opinion). Yet, later, in Langton v. Langton, 442 So.2d 1308 (La.App. 3d Cir.1983) (per Stoker, *953 J.), we stated: "The lawful cause justifying a withdrawal [from the matrimonial domicile] must be substantially equivalent to a cause giving grounds for separation." Id. at 1309 (citing the Second Circuit's Quinn opinion); cf. Harrington v. Campbell, 413 So.2d 297, 299-301 (La.App. 3d Cir.1982) (discussing issue in context of mutual fault).
Both views of "lawful cause" under article 143 merit consideration. The Fourth Circuit rule recognizes that disputes and disagreements often cause one spouse to leave the other when the cruelty or ill-treatment of neither can be clearly established. The Fourth Circuit rule thus avoids an "either/or" adjudication of fault in these instances: either the leaving spouse is at fault for abandonment or the left spouse is at fault for conduct that caused the other spouse to leave. On the other hand, the First and Second Circuit rule is a far more consistent reading of the code. That rule recognizes that when one spouse leaves the other, obviously something caused the leaving, and the pertinent question under article 143 is whether the cause is lawful. I.e., does the cause legally justify a separation of the parties? If the cause is not lawful, and the other two elements of article 143 are established, then the leaving spouse has abandoned the other spouse. In order to justify a legal separation based on disputes, disagreements, or other ill-treatment, which necessarily provides "lawful cause" for one spouse to leave the other, the code states that the wrongful conduct causing the separation must "render living together insupportable," either because of the actions of one spouse, see La.Civ. code art. 138(3), or because of the actions of both spouses. See La.Civ.Code art. 141.[4] Thus, the code establishes grounds upon which one spouse may legally leave the other because of ill-treatment or disputes without an obligation to return or to reconcile, and without committing abandonment.
We find the view of the First and Second Circuits to be the proper interpretation of article 143. We reject the rationale of the Fourth Circuit's rule. It is true that disputes and disagreements may, in fact, be the precipitating factor for one spouse to leave the other when ill-treatment or other wrongful conduct cannot legally be established as cruelty. However, the mere fact that certain conduct or marital problems caused one spouse to leave the other does not mean that that spouse left for lawful cause. In the context of this case, lawful cause is such cause as would establish Celine's entitlement to a separation under article 138(3). It is established by the evidence and by the trial judge's findings of fact that Celine did not leave the matrimonial domicile for lawful cause.
When disputes and disagreements exist between spouses, they may always voluntarily live separately and thereafter file for and obtain a no-fault separation after a certain prescribed time period and other requirements have been met. See La.Civ.Code art. 138(9) & (10). See also La.Rev.Stat. 9:301 (absolute divorce obtainable after living apart for one year). If one spouse instead unilaterally decides to *954 leave and subsequently refuses to return, then that leaving is either for lawful cause which entitles the leaving spouse to a legal separation or it is abandonment, in accord with the law in our civil code. We will not read into our code mere incompatibility or failure to get along as lawful cause for a legal separation. The positive law of our civil code cannot be ignored, nor can we properly add by judicial fiat what our legislators have not included in the code. See A. Yiannopoulos, Louisiana Civil Law Systems (Pt. 1) secs. 30-31 (1977).

DECREE
Based on the above reasons, the judgment of the district court is amended to grant Joseph Burton Willis a separation from bed and board from Celine Marie Durand on the ground of abandonment under Louisiana Civil Code article 138(5). As amended, the judgment of separation in this case is affirmed. All costs are taxed to the community, or one-half to each party.
AMENDED AND AFFIRMED.
NOTES
[1] We amend the judgment of separation, and affirm the lower court's ruling that the parties are now legally separated. Therefore, it is unnecessary to set aside the decision of the trial judge. We will, however, briefly comment on the judge's basis for his decision.

The trial judge based his decision on the following provisions of Louisiana Civil Code article 138: "Separation from bed and board may be claimed reciprocally for the following causes: ... 9. When the husband and wife have voluntarily lived separate and apart for one year and no reconciliation has taken place during that time."
We seriously question whether a trial judge can properly grant a separation under article 138(9) when the statutory time period consists wholly of the passage of time after one spouse sues the other for separation and, concurrently with filing suit, the suing spouse leaves the marital home. As argued by appellant, the fulfillment of the time requirement of article 138(9) should not depend upon the length of the delay between filing suit for separation and the date of judgment. The factors that delay trials in our court system bear no relevance to the purpose of article 138(9); the speed of a trial docket should not be allowed to determine the outcome in a suit for separation under that article. The plain wording of article 138(9) indicates that a legal separation thereunder is available when both spouses voluntarily go their separate ways for at least one year, and then one or both spouses file for a separation on that basis. The legislature could hardly have intended article 138(9) to apply in cases such as the present matter and, indeed, we have discovered no case in which a separation under article 138(9) is based upon the expiration of a year between filing suit and the date of judgment, although one case, Guin v. Guin, 378 So.2d 1022 (La.App. 2d Cir.1979), implies that a year between filing suit and the date of judgment will suffice. See id. at 1024. The usual procedure is a dismissal of the separation suit when the "voluntary" separation for one year or more consists of time between filing suit and rendition of judgment. See, e.g., Sykes v. Sykes, 321 So.2d 805, 808 (La.App. 4th Cir.1975).
In addition to the problem with the time requirement under article 138(9), we strongly doubt that a de facto separation which arises from one spouse concurrently leaving and suing the other can be properly characterized as arising from a mutually voluntary agreement to live separate and apart. See Sciortino v. Sciortino, 188 So.2d 224, 230 (La.App. 4th Cir.), writ denied, 249 La. 726, 190 So.2d 237 (1966). In this case, Burt neither expressly nor impliedly by his conduct assented to Celine's departure from their home, nor did he acquiesce in her decision not to return. See Sykes, 321 So.2d at 808.
[2] We do not mean that "lawful cause" under article 143 is limited to the causes for a separation on fault grounds under article 138 and article 141. For example, if the parties agree to live apart, then the spouse who leaves the common dwelling cannot be said to have left without lawful cause. However, in this case, it is clear that the conduct which caused Celine to leave the common dwelling is conduct that falls within the scope of articles 138(3) and article 141. No other causes for her to leave were alleged in the pleadings or introduced at trial. The trial judge clearly justified her exit from the marital home on the same factors that he considered insufficient to establish cause for a separation under article 138(3).
[3] See supra note 2.
[4] It is respectfully suggested that this is the point at which the Fourth Circuit's analysis of the code becomes flawed in this type of case. In the Fourth Circuit cases previously cited, the court acknowledges, either expressly or implicitly, that the disputes and disagreements between the parties have rendered their living together insupportable. See, e.g., Mahmud, 384 So.2d at 825 ("living together became intolerable for both parties"); Levine, 373 So.2d at 1384 (setting forth test for "lawful cause" when wife left husband as whether "his actions were such as to make living with him insupportable"). Yet, the court refuses to find fault on the part of either spouse under article 138 or both spouses under article 141 in bringing about that state of affairs. The court instead labels the effect of the parties' conduct, disputes, and disagreements as "irreconcilable differences" or "incompatibility," and then opines that this effect is the "lawful cause" that allows one spouse to leave the other without committing abandonment. It is submitted that "mutual incompatibility, if it renders the parties' living together insupportable and therefore provides lawful cause under article 143, is nothing more than mutual fault. Irreconcilable differences with nothing more, see La. Civ.Code art. 138(10), or "mutual incompatibility" are nowhere set forth in the code as "lawful cause" for one spouse to leave the other.