379 So.2d 1171 (1980)
Johnny Everett GIPSON, Plaintiff-Appellee,
v.
Linda Kay GIPSON, Defendant-Appellant.
No. 14033.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1980.
Rehearing Denied February 29, 1980.[*]
Campbell, Campbell & Johnson by John T. Campbell, Minden, for defendant-appellant.
Love, Rigby, Dehan, Love & McDaniel by Truly W. McDaniel, Shreveport, for plaintiff-appellee.
Before PRICE, C. J., and HALL and McCLENDON, JJ.
En Banc. Rehearing Denied February 29, 1980.[*]
PRICE, Chief Judge.
This is an appeal by the defendant-wife from a judgment awarding her husband a separation on grounds of cruel treatment and rejecting her reconventional demand for a separation because of the plaintiff's alleged acts of cruel treatment and constructive abandonment of defendant. We reverse and award a judgment of separation to defendant.
Plaintiff alleged defendant has continuously failed and refused to perform the normal duties of a housewife during the entire period since their marriage in May of 1968. He contends the constant state of disorder and untidiness in the household *1172 became unbearable and he separated from defendant on August 24, 1978, at which time he delivered defendant and the two children to the home of her parents in Springhill.
Defendant on the other hand contends plaintiff's treatment of her was cold and indifferent, and that his actions in forcing her to leave the home in August of 1978 constituted cruel treatment and constructive abandonment which entitle her to a separation.
Defendant, while admitting she is a poor housekeeper which has displeased her husband, contends he has condoned and forgiven her deficiencies in this regard by living with her for ten years and fathering their two children. She further contends she has experienced mental problems requiring institutional care and treatment on five separate occasions during the marriage which indicate her failure to properly function as a housekeeper was not intentional.
The trial court found defendant's shortcomings as a housekeeper constituted cruel treatment, and that in the absence of any medical testimony he could not accept her excuses based on mental illness.
We find the trial court erred in not giving more weight to the evidence which strongly suggests defendant's failure as a housekeeper was at least in part caused by her continuing mental difficulties. Although there is no testimony by any physician who treated defendant, it is admitted by plaintiff that she experienced mental problems which were sufficiently serious to require her commitment to Central Louisiana Hospital on five occasions, and that she regularly visited the Shreveport Mental Health Clinic as an outpatient and was under medication for a mental condition. In light of these circumstances and the willingness of plaintiff to overlook defendant's deficiencies for such an extended period of time while children were being conceived of their relationship, defendant should not be cast with fault on the basis of cruel treatment toward plaintiff which would justify the award of a separation in plaintiff's favor.
The evidence does establish cruel treatment and constructive abandonment on plaintiff's part which should afford defendant relief under here reconventional demand. Plaintiff admits telling defendant he no longer loved her during the month of August 1978 and a few days thereafter taking defendant and the children to her parents home and leaving them. At the time of trial he continued to admit he no longer cared for defendant and did not want to resume the marriage relationship.
For the foregoing reasons the judgment awarding plaintiff a separation from defendant is reversed and it is ordered that there be judgment in favor of Linda Kay Gipson, plaintiff in reconvention, awarding her a separation from bed and board from Johnny Gipson, defendant in reconvention. It is further ordered that the community of acquets and gains heretofore existing is dissolved and each is decreed to be the owner of an undivided one-half interest therein. The costs of this appeal are to be borne by plaintiff; all other costs are to be taxed against the community.
NOTES
[*] MARVIN, J., recused.