BOUTALL, Judge.
From a divorce judgment finding mutual fault and terminating alimony, the former wife appeals. We reverse as to the finding of fault.
Appellant-wife Mary Gracianette Layman filed for divorce in August of 1981, on the grounds of adultery, or in the alternative for separation on the grounds of cruelty. Appellee husband, Ronald Layman, answered and reconvened for separation on grounds of cruelty. The separation was never heard. The parties apparently proceeded with the divorce action under La. R.S. 9:301 on the grounds of living separate and apart for one year. On October 6,1981 the trial court awarded Mary Layman $200.00 per month alimony pendente lite and gave custody of the two children to Ronald Layman during the pendency of the proceedings.
The divorce action was heard on February 11, 1982. A divorce was granted, with the court finding “both parties to be at mutual fault.” The wife’s alimony was thus terminated, and the husband was awarded custody of the children. Mary Layman appeals the trial court’s determination of mutual fault and the resultant termination of alimony.
The sole issue presented for our review is whether the record supports the trial court’s finding of mutual fault under La. C.C. Art. 141.
The trial judge assigned his reasons orally, as follows:
“It seems to me it is very clear certainly more likely than not that this is a mutual fault separation. That these two people were constantly at one another’s throats and the confrontation that occurred here on January 3rd was the fault of both parties and the subsequent separation was the cause of mutual fault. There being no reconciliation since January 3, 1981, the divorce in accordance with the provisions of Revised Civil Code, the fact that one year living separate and apart is sufficient cause to grant a divorce but for the purpose of fault areas, mutual fault on the part of both parties, alimony is terminated.”
For the reasons which follow, we conclude that the record does not support a finding of fault on the part of the wife, and that she is free of such fault as to terminate alimony.
The transcript of the divorce trial is very brief. Husband and wife testified, as well as the husband’s father and the wife’s brother, neither of whom could add anything substantial.
Briefly, Ronald Layman is an amputee who is employed by an orthopedic prosthesis firm. Mary Layman, at the time of the divorce, was going to school to become a legal secretary. She had completed typing and real estate and was taking a notary course. She was working as a waitress, earning about $500.00 per month, and living with various relatives. Ronald Layman has retained the family domicile.
At the trial there were many allegations of wrongdoing by the one against the other. The only incident which the parties agreed took place was an altercation where Mary Layman’s front teeth were knocked out. Their stories differ as to how this came about. Ronald Layman, who weighs 190 lbs., claimed that his wife, who weighs 97 lbs., assaulted him with a spice rack and a wine bottle and that her teeth were inadvertently knocked out while he was defending himself.
From our review of the record a picture emerges of two people who are clearly incompatible. They had separated on several *1170 occasions prior to the wine bottle incident, and had frequent fights. While both husband and wife surely contributed to the break-up of this marriage, and were thus “at fault” in the generic sense of the word, the legal concept of fault as it relates to post-divorce alimony is very narrowly defined.
The “fault” envisioned by Louisiana Civil Code Articles 141 and 160, which would prevent a spouse from receiving permanent alimony, has been defined in our jurisprudence as that fault which would furnish grounds for separation or divorce under La. C.C. Arts. 138 and 139. See Rittiner v. Sinclair, 374 So.2d 680 (La.App. 4th Cir. 1978) and cases cited therein, and McKnight v. McKnight, 401 So.2d 445 (La.App. 1st Cir.1981).
Stated another way by our Supreme Court in Bruner v. Bruner, 364 So.2d 1015 (La.1978), at 1017:
“To constitute fault within the meaning of Article 160, the wife’s misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation rather than a justifiable or natural response to initial fault on the part of the husband.” [citations omitted]
The cases cited above stress that bickering and quarreling, as such, do not constitute fault as envisioned by La.C.C. Article 160.
Our review of the record does not disclose sufficient evidence of any behavior by Mary Layman which could amount to cruel treatment or any other of the grounds enumerated in La.C.C. Arts. 138 and 139. Therefore we hold that appellant Mary Gra-cianette Layman is without fault in causing the separation and divorce, and is not barred from eligibility for post-divorce alimony.
Nonetheless, we hold that due to the parties’ financial circumstances as they appear from the record, we cannot grant Mary Layman alimony payments at this time. The financial information which Ronald Layman submitted into evidence, and which was not challenged, discloses that he had practically no disposable income. He was encumbered with several thousand dollars of community debts and paid the note on the community house, as well as all of the children’s expenses. Mary Layman was modestly self-supporting and lived with family members at a reduced rent. She was attending school and was asking for alimony until she finished school and took her real estate license test.
La.C.C. Art. 160, which lays out the guidelines for determining an alimony award provides in pertinent part:
“In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses... . ”
As the record stands, Ronald Layman was financially unable to pay a substantial alimony award. However, we are cognizant that more than a year has elapsed since the divorce trial and subsequent appeal. Mrs. Layman’s license test was to be two weeks post trial. Considering her testimony her circumstances must have changed and we can only speculate to what extent Mary Layman is entitled to bring a proceeding at any time in order to attempt to show changed circumstances or submit additional evidence of her former husband’s ability to pay.
For the foregoing reasons, the judgment appealed from is reversed as to the trial court’s determination of fault on the part of Mary Gracianette Layman, and there is judgment in her favor entitling her to seek alimony after divorce in accordance with La.C.C. Art. 160. In all other respects the judgment is affirmed.
REVERSED IN PART.