491 So.2d 440 (1986)
Joni Muscarello LEGGIO
v.
Anthony B. LEGGIO, III.
No. 85 CA 0602.
Court of Appeal of Louisiana, First Circuit.
June 24, 1986.
Thomas C. D'Amico, Baton Rouge, for Joni Muscarello Leggio.
Kevin Patrick Monahan, Baton Rouge, for Anthony B. Leggio, III.
Before G. COVINGTON, C.J., WATKINS & SHORTESS, JJ.
WATKINS, Judge.
This is an appeal by the husband, Anthony B. Leggio, III, from a judgment of separation finding him to be at fault and his wife, Joni Muscarello Leggio, to be free from fault.
Joni Leggio filed suit for separation from bed and board against her husband on June 22, 1984, alleging as grounds for the separation cruel treatment by her husband which forced her to leave the matrimonial domicile in April, 1984, since which date she has not returned. She also sought custody of the minor child born of the marriage, child support, alimony pendente lite, an injunction prohibiting her husband from alienating or encumbering community property, and an injunction prohibiting Mr. Leggio from harassing or bothering her.
Anthony Leggio answered the petition and in addition, filed a reconventional demand for separation from his wife based upon her acts of cruel treatment and her abandonment of the matrimonial domicile without lawful cause. He also requested the issuance of injunctions prohibiting his wife from alienating or encumbering community property and harassing and/or harming him. Mrs. Leggio answered the *441 reconventional demand, denying all allegations of fault on her part.[1]
The trial judge found in favor of Mrs. Leggio and ordered a separation based upon the fault of Mr. Leggio. He has appealed seeking a modification of that judgment to find fault solely upon the part of Mrs. Leggio due to her abandonment of the matrimonial domicile.
The only issue presented for our consideration is whether the trial court was manifestly erroneous in finding Mr. Leggio at fault in causing the parties to separate. Specifically, he contends it was error for the trial court not to find Mrs. Leggio guilty of abandonment and therefore at fault in causing the separation. Finding that the trial court was in error in its judgment, we reverse and render.

FAULT OF THE HUSBAND
In this case, we were not provided with either written reasons for judgment or oral reasons transcribed into the record of the proceedings.[2] Therefore, we can only presume that the trial court's finding of fault as to the husband was based upon acts of cruel treatment or outrages by him which were sufficient to render their living together insupportable, since this was the only ground upon which the wife's petition for separation was based.
Mrs. Leggio stated she was not happy in the marriage because of the problems they were experiencing. She testified that her husband would regularly not return home from work until late in the evening without informing her of his whereabouts, although he was aware of the fact that she disliked being alone at home at night. Mr. Leggio testified that he was a sales representative with a fairly large sales territory and quite often he would not return home until the late evening due to the out of town travel required by his job. He also stated that he regularly exercised at a gym located at his parents' home after completing his work. On those nights when Mr. Leggio was later than usual, Mrs. Leggio testified she would stay at her mother's who lived nearby. Although the husband also admitted to meeting friends for drinks after work, it was not shown that he would come home intoxicated or fail to come home at all.
Mrs. Leggio also testified to being dissatisfied with the amount of time her husband spent with his friends and family as opposed to the time he spent with her and their child. The testimony showed that Mr. Leggio's father owned several horses that he raced in New Orleans and that he would often accompany his father to the racetrack when one of the horses ran. Mrs. Leggio had an open invitation to accompany her husband on these trips and all of his family's functions but she testified she did not care much for those activities. Mr. Leggio testified he would offer to take his wife out with friends but she would refuse. She also stated her displeasure with her husband's habit of bringing home friends unannounced and their remaining for several hours.
As to the couple's attempting to talk about their problems, Mrs. Leggio stated she more often than not would give her husband the "silent treatment", especially on those evenings when he was out late in *442 spite of her feelings toward this practice. She stated that when they tried to communicate, an argument would usually result and she grew tired of trying to resolve their problems in this manner. Her own witnesses corroborated the fact that Mrs. Leggio rarely communicated her problems and feelings with others. Although the evidence showed Mr. Leggio was somewhat short-tempered, it was not proven that his infrequent outrages were of such a nature to render the common life insupportable.
Cruel treatment in any form which renders living together insupportable is a legal ground for a separation from bed and board. LSA-C.C. art. 138(3); Allemand v. Allemand, 415 So.2d 463, 465 (La.App. 1st Cir.1982). In order to constitute cruel treatment under LSA-C.C. art. 138(3), the abuse suffered need not be physical, but may be in any form which renders living together insupportable. Von Bechman v. Von Bechman, 386 So.3d 910 (La.1980).
After reviewing the record, we are convinced that the actions of the husband did not constitute such cruel treatment as to cause the parties to be unable to live together. Rather, the evidence shows that this couple was unable and unwilling to face, and work out, the everyday problems incurred in a marriage which require mutual effort to resolve. Although Mrs. Leggio's decision to leave may have been somewhat influenced by her frustrations over the couple's inability to resolve their differences, we conclude that the underlying reason for the failure of the marriage was the couple's general dissatisfaction with the responsibilities of marriage resulting in their mutual incompatability. We must therefore conclude that the trial court was clearly wrong in finding Mr. Leggio at fault.

FAULT OF THE WIFE
Since we have found the husband not to be at fault, the issue that we must now address is whether the wife was at fault in causing the separation.
The husband, by way of reconventional demand, sought a separation on the grounds of his wife's abandonment of the matrimonial domicile and her cruel treatment. LSA-C.C. arts. 138(5), 143. The record is devoid of any showing of cruel treatment by the wife of such a nature as to render the common life insupportable. However, the ground of abandonment is well supported by the evidence presented.
The elements of proof of abandonment under LSA-C.C. art. 143 require a showing of (1) withdrawal from the common dwelling, (2) absence of lawful cause for withdrawal, and (3) refusal of the spouse who withdrew to return to live with the other. Stickley v. Stickley, 422 So.2d 691 (La.App. 3rd Cir.1982), writ denied, 427 So.2d 1206 (La.1983).
Mrs. Leggio testified that she left the matrimonial domicile in April, 1984, and that despite her husband's numerous requests, she has refused to return to the family home. Mrs. Leggio's intent not to return is also evidenced by the fact that only two months after leaving, she initiated this suit for separation. The only question remaining is whether she left with lawful cause.
In this Circuit, a party is not justified in leaving the matrimonial domicile unless that party has reasons for leaving which would amount to grounds for a separation listed under LSA-C.C. art. 138. Dugas v. Dugas, 424 So.2d 1189 (La.App. 1st Cir.1982). Because of our finding that Mr. Leggio's actions did not constitute cruel treatment, as defined by LSA-C.C. art. 138(3) and the jurisprudence interpreting that article, we cannot say that Joni Leggio had lawful cause to abandon the matrimonial domicile. Mutual incompatability and general unhappiness with the marital relationship are not lawful causes for leaving the family home and she was therefore guilty of abandonment and at fault in causing the separation. Dugas, supra. See also, Durand v. Willis, 470 So.2d 947 (La. App. 3rd Cir.1985), writ denied, 477 So.2d 98 (La.1985).

CONCLUSION
For the foregoing reasons, the judgment of the trial court finding the husband, Anthony *443 B. Leggio, III, to be at fault is reversed. Accordingly, judgment is rendered in favor of appellant, Anthony B. Leggio, III, and against appellee, Joni Muscarello Leggio, finding her to be at fault in causing the separation. All costs, both trial and appellate, are to be borne by appellee.
REVERSED AND RENDERED.
SHORTESS, J., concurs with a statement.
SHORTESS, Judge, concurring.
The result in this case while legally correct, leaves much to be desired. I agree that plaintiff did not prove her case by a preponderance of evidence. Cruel treatment was not shown to a degree sufficient to render living together insupportable. Plaintiff did not like for defendant to come home late at night but, rather than communicate her feelings openly to him, gave him the "silent treatment." Her mother even testified that she was the type who "holds things to herself." After plaintiff left, she refused to return, notwithstanding defendant's continued requests for her to do so.
With some effective counseling, this young couple might have developed some communicative skills which could have saved this marriage. Unfortunately, counseling was never an option. Perhaps it is not too late.
I respectfully concur.
NOTES
[1] A hearing on the rule for child custody, child support and alimony pendente lite was held on July 31, 1984, at which time the parties stipulated to Mrs. Leggio having custody of the minor child with reasonable visitation allowed to the father; to an award of $200.00 monthly child support payable by Mr. Leggio; to an award of $150.00 per month alimony pendente lite to Mrs. Leggio; to Mr. Leggio maintaining coverage for both his wife and child under his medical insurance policies; and to reciprocal injunctions prohibiting both parties from bothering or harassing each other and further from alienating or encumbering community property. The decision that we reach as to the fault of the parties will not affect this judgment which was perpetuated by the trial court's judgment of February 6, 1985, decreeing the separation between the parties.
[2] The primary decretal provision of the trial court's Judgment reads as follows:

ORDERED, ADJUDGED AND DECREED that judgment be granted in favor of plaintiff, Joni Muscarello Leggio, and against defendant, Anthony B. Leggio, III, decreeing a separation "a mensa et thoro" between the parties on grounds of defendant's fault, finding the plaintiff free from fault.