WARD, Judge.
In this suit for divorce, Phyllis Lichtenstein Dolese appeals a judgment which denied her claim for permanent alimony. The issues presented by this appeal are whether the Trial Court erred in its findings that Francis Peter Dolese was free from fault in the breakup of the marriage and that Mrs. Dolese’s actions constituted legal fault, thus barring alimony.
Mr. and Mrs. Dolese were married on May 25, 1968 and lived together in New Orleans until Mr. Dolese left the family home on August 11, 1984. More than one year later, Mr. Dolese filed for divorce based on La.R.S. 9:301, which permits suits for divorce based upon the spouses’ living separate and apart for one year. Mrs. Dolese filed a reconventional demand charging her husband with cruel treatment and abandonment. Mr. Dolese answered her demand and alleged that his wife was not without fault in the cause of the separation.
After hearing the testimony of each spouse, the Trial Court concluded that Mr. Dolese’s actions, in refusing sexual relations with his wife and in leaving the family home may have normally come within the definition of fault, but that Mr. Dolese’s pre-existing mental problems excused his fault. While also admitting that this was a very close case, the Trial Court, after considering Mr. Dolese’s mental problems, held that Mrs. Dolese’s behavior towards her husband constituted cruel treatment.
Mrs. Dolese’s claim that the Trial Court erred in finding, despite the absence of medical testimony, that Mr. Dolese’s fault was excused by his mental problems. In support of her position, Mrs. Dolese cites several recent cases in which medical testimony was offered and in which fault was found to be excused as a result of mental illness. Mr. and Mrs. Dolese were the only witnesses at trial. From their testimony, it is undisputed that Mr. Dolese was “shaken up” in Germany during World War II, was periodically treated at the VA Hospital for mental problems and had been taking tranquilizers as treatment since before his marriage. Mr. Dolese claims that his condition rendered him unable to have sexual relations with his wife for most of the years they were married. An examination of cases with similar facts reveals that medical testimony may be presented, but is not necessary for a finding of mental incapacity sufficient to excuse a spouse from fault. Credeur v. Lalonde, 511 So.2d 65 (La.App.3rd Cir.1987); Gipson v. Gipson, 379 So.2d 1171 (La.App.2nd Cir.) writ den., 383 So.2d 799 (La.1980); Bettencourtt v. Bettencourtt, 381 So.2d 538 (La.App.4th Cir.1980).
The Trial Court also excused Mr. Dolese’s abandonment for the same reasons. However, as Mrs. Dolese claims, there was no evidence produced at trial which linked his mental condition with his decision to leave home. Although the Trial Court erred, the error is of no significance because, under La.C.C. art. 143 and the jurisprudence interpreting it, abandonment is justified when the remaining spouse has exhibited behavior which constitutes legal fault. See, e.g., Durand v. Willis, 470 So.2d 947 (La.App.3rd Cir.1985). Thus, in this case, Mr. Dolese’s leaving was justified, not because of his mental condition, but because his testimony showed that he left as a result of his wife’s behavior, which was found to constitute cruel treatment.
The specific acts of cruelty on the part of Mrs. Dolese were not enumerated in the Trial Court’s judgment. The record includes, however, testimony that among other things, Mrs. Dolese demanded that they sell his house where they were living and move into an apartment, that she beat him on several occasions, that she would not let him entertain his friends in their home or telephone anyone except his mother, that she made him remove his shoes when in the house, that she would not allow him to use the kitchen even to get a glass of water, that she would not let him get out of bed until nine or ten o’clock although he customarily awoke around six *1281 a.m. and, that she did not let him go anywhere except to his mother’s house, to the library and to church.
This evidence was sufficient to convince the Trial Court that Mrs. Dolese was not free from fault in the breakup of the marriage and is thereby barred from receiving alimony. Much discretion is allowed a Trial Court in evaluating evidence which is to be resolved primarily on the credibility of the witnesses. Pearce v. Pearce, 348 So.2d 75 (La.1977). In the absence of evidence that such discretion was abused, we affirm the Trial Court’s judgment.
AFFIRMED.