521 So.2d 645 (1988)
Peter Ridley ASHER
v.
Linda Gremillion ASHER.
No. CA 87 0542.
Court of Appeal of Louisiana, First Circuit.
February 23, 1988.
*646 Russell A. Solomon, New Orleans, for plaintiff, appellant.
Linda Gremillion Asher, pro se.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from a judgment granting a legal separation in favor of defendant-appellee, Linda Gremillion Asher, and a divorce in favor of plaintiff-appellant, Peter Ridley Asher. Mr. Asher has alleged the trial court committed error in finding Mrs. Asher free from fault, in finding Mr. Asher to be at fault, in failing to consider all the evidence, in failing to determine the best interest of the minor child in awarding custody, and in awarding alimony and child support in globo.

FAULT
Mr. Asher alleges Mrs. Asher was guilty of cruel treatment such as verbal abuse, failure to fulfill housekeeping duties, fiscal irresponsibility, and threatening to kill the parties' six-year-old daughter and commit suicide. Mrs. Asher claims her husband abandoned her without lawful cause. The trial court found the majority of the parties' problems existed from the start of the marriage and found Mr. Asher did not fulfill his mutual responsibility in the relationship.
The parties were married twenty years before they physically separated. They had three children, Geoffrey Steven, age 21; Christopher Scott, age 19; and Carly Sonia Veronica, age 6. Mrs. Asher had not worked outside the home since around 1971. Mr. Asher testified that his wife could not discipline the children and failed to prepare regular meals for the family. He also complained she failed to keep the family dog clean, never dusted, and left food out on the counter. Geoffrey, enlisted in the United States Army, corroborated Mr. Asher's allegations concerning Mrs. Asher's excessive spending and failure to keep the house clean.
Mrs. Asher admits telling a neighbor she was contemplating suicide and killing her daughter. She testified her husband has physically abused her and would demean her in front of the children by encouraging them to ignore her. She stated Mr. Asher would not communicate with her about their problems. A neighbor corroborated Mrs. Asher's allegation that Mr. Asher had been seen with a neighborhood teenage girl with his arm around her, holding hands, and lying in their front yard. The parties obtained marriage counseling on Mrs. Asher's initiative about a year before they separated.
Mrs. Asher voluntarily entered DePaul Hospital for psychiatric treatment, around which time Mr. Asher moved out. A child psychiatrist testified she carefully reviewed Mrs. Asher's mental health records and concluded Mrs. Asher would not pose a danger to anyone and was not likely to harm or abuse Carly.
It is well established that cruel treatment, in any form, is a proper ground for separation from bed and board provided the cruelty is of such a nature as to render the living together insupportable. La.C.C. art. 138(3). Frequent arguments and unhappiness about the condition of the house and presence of many cats has been held *647 not to constitute cruel treatment on behalf of the wife. Dugas v. Dugas, 424 So.2d 1189 (La.App. 1st Cir.1982). In light of the circumstances of Mrs. Asher's mental problem and Mr. Asher's willingness to overlook her housekeeping deficiencies for an extended period of time while children were being conceived of their relationship. Mrs. Asher should not be cast with fault on the basis of cruel treatment toward her husband. See Gipson v. Gipson, 379 So.2d 1171 (La.App. 2d Cir.1980), writ denied, 383 So.2d 799 (La.1980).
Having concluded Mrs. Asher was free from fault, we must now address the issue of Mr. Asher's fault. Mrs. Asher filed a reconventional demand based on Mr. Asher's abandonment of the matrimonial domicile. A party is not justified in leaving the matrimonial domicile unless that party has reasons for leaving which would amount to grounds for a separation listed under C.C. art. 138. Leggio v. Leggio, 491 So.2d 440 (La.App. 1st Cir.1986). Because of our finding that Mrs. Asher's actions did not constitute cruel treatment, we cannot say that Mr. Asher had lawful cause to abandon the matrimonial domicile. Mutual incompatibility and general unhappiness with the marital relationship are not lawful causes for leaving the family home. 491 So.2d at 442. Mr. Asher was therefore guilty of abandonment and at fault in causing the separation.

CHILD CUSTODY AND IN GLOBO AWARD
The trial court awarded joint custody of Carly with Mrs. Asher being the domiciliary parent. The judgment sets forth specific visitation dates and times for weekends, holidays, and school vacations.
The determination of a trial judge in child custody cases is entitled to great weight and will not be disturbed unless a clear showing of an abuse of discretion is made. Stephenson v. Stephenson, 404 So.2d 963 (La.1981). We find no abuse of discretion in the trial court's award of joint custody.
Finally, Mr. Asher contends it was error to award alimony and child support in globo and the two distinct obligations should be separately allocated.
The judgment awards permanent alimony and child support in the amount of $2,000.00 per month, and further provides that "due to an agreement between the parties, $1,500.00 a month will be child support and $500.00 a month will be for permanent alimony." The judgment also provides for this amount to be paid in weekly installments of $461.54. It is clear the judgment appropriately allocates alimony and child support separately. Mr. Asher's contention is therefore without merit.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.
EDWARDS, Judge, dissenting.
This record indicates mutual fault.