LeBLANC, Judge.
Plaintiff, Quanna Hart, filed this suit against her husband, David William Hart, seeking a separation a mensa et thoro, alleging cruel treatment by her husband as grounds for the separation. Plaintiff left the matrimonial domicile on April 24, 1986, this suit was filed on the same date, and she has not returned to the matrimonial domicile since that date. Defendant filed a reconventional demand seeking a separation a mensa et thoro based on plaintiff’s cruel treatment and abandonment.
The trial court found that neither party proved fault on the grounds of cruelty or abandonment. However, the court granted the parties a separation based on the ground of living separate and apart for a period of six months. Defendant appeals this judgment, alleging that the trial court erred in not finding Ms. Hart guilty of abandonment and therefore at fault in causing the separation.[1]
We agree that the trial court erred in not finding Ms. Hart guilty of abandonment.
Abandonment is grounds for separation where one party (1) withdraws from the matrimonial domicile (2) without lawful cause, and (3) constantly refuses to return. La.Civ.Code arts. 138(5) and 143; Yamayans v. Yamayans, 490 So.2d 371 (La.App. 1st Cir.1986).
The trial court found that the parties initially agreed to separate. However, the court also found that Mr. Hart asked Ms. Hart to return to the matrimonial domicile but that Ms. Hart refused to return because Mr. Hart would not admit he was wrong. The trial court found that based on these facts, appellant had not proven that his wife was guilty of abandonment.
Although we agree with the factual findings of the trial court, we find that the trial court improperly concluded that these facts did not establish that Ms. Hart was guilty of abandonment.
In Schoen v. Schoen, 259 So.2d 626 (La.App. 4th Cir.1972), although a husband and wife mutually agreed that the husband should leave home, when the husband repeatedly rejected the wife’s subsequent requests that he return home, his actions were found to constitute abandonment. Also see, Robertson v. Robertson, 332 So.2d 896 (La.App. 2d Cir.1976).
The record in the present case clearly establishes that Mr. Hart requested that Ms. Hart return home and that Ms. Hart constantly refused to return. Furthermore, Ms. Hart was not justified in refusing to return to the matrimonial domicile. To establish lawful cause to abandon the matrimonial domicile, a party must establish that he has reasons for leaving which would amount to grounds for a separation listed under La.Civ.Code art. 138. Asher v. Asher, 521 So.2d 645 (La.App. 1st Cir.1988); Leggio v. Leggio, 491 So.2d 440 (La.App. 1st Cir.1986). The trial court found that Ms. Hart had not proven that her husband was guilty of cruel treatment and we agree with this finding. Ms. Hart’s reason for not returning to the matrimonial *231 domicile is that her husband would not admit he was wrong. Furthermore, the record establishes mutual incompatibility and general unhappiness with the marital relationship. However, these reasons for refusing to return are not lawful causes for leaving the family home. Leggio, 491 So.2d at 442. Ms. Hart is therefore guilty of abandonment and at fault in causing the separation.
Accordingly, the judgment of the trial court is reversed. Judgment is rendered in favor of appellant, Mr. David William Hart, and against appellee, Ms. Quanna Hart, finding her to be at fault in causing the separation. All costs of this appeal are to be paid by appellee.
REVERSED AND RENDERED.

. The appellant also alleges that the trial court erred in granting a separation based on living separate and apart for six months since six months had not elapsed between the separation of the parties and the filing of the suit for separation. However, we do not need to address this assignment of error due to this court’s disposition of appellant's first assignment of error.