KLIEBERT, Judge.
The husband, Arthur Bernard, Jr., filed a petition against the wife, Karen Faucheaux Bernard, for a separation alleging cruel treatment and constructive abandonment on the part of the wife. The wife answered and incorporated in her answer a recon-ventional demand alleging her husband abandoned her on January 10, 1988, was guilty of cruel treatment and had committed adultery. The trial judge rejected the wife’s charge of abandonment, found the parties mutually at fault, and for those reasons decreed a separation between them. The wife perfected this appeal.
We conclude the trial judge erred in rejecting the wife’s charge of abandonment and in decreeing a separation based on mutual fault and grant a separation based on the husband’s abandonment of the wife.
FACTS
The parties were married in October 1967. After the suicide of their son in 1984, the parties had increasing difficulty communicating with each other, particularly as to matters involving the discipline of their children and the family’s relationship with the husband’s mother. As a result the parties had verbal arguments and episodes of bickering interspersed with periods of “silence” by one to the other.
As a result of the quarrels, on three occasions since 1984 the wife left the matrimonial bedroom to stay in the daughter’s room. Nevertheless, throughout this time, the wife says she functioned as a dutiful wife, maintaining the house, preparing meals, etc.
The wife regularly awakened at 5:00 A.M. to prepare coffee and breakfast for her husband as well as prepare his lunch. After returning from work she would prepare dinner for the family. After quarrels she would do her best to make up and go out of her way to do small favors, such as, switching T.Y. channels for her husband when he requested it so he would not have to get out of bed. The wife’s conduct was not disputed by the husband and was corroborated by the children.
Both parties admitted to starting disputes. During their disputes the husband told his wife she should leave the home. Also, during the course of quarrels the wife told the husband he should go back to live with his mother.
The “constant disagreements” noted by the trial judge here do not support a separation decree. In a layman’s sense of the meaning of the word “fault” both parties may have been “at fault” in the dissolution of the marriage; but, a finding of “mutual fault” in and of itself is not sufficient to support a separation decree. Under our jurisprudence each party must be guilty of conduct sufficient to constitute an independent statutory cause for separation, which ground constitutes the “legal fault” necessary to support a separation decree. Adams v. Adams, 389 So.2d 381 (La.1980); Ryan v. Ryan, 422 So.2d 239 (4th Cir.1982); Layman v. Layman, 428 So.2d 1168 (5th Cir.1983).
After a careful review of the record, a picture emerges of two people who have experienced prolonged mutual fussing and bickering. However, the wife’s behavior did not constitute the behavior necessary to establish cruel treatment which would render their living together insupportable.
The husband moved out of the house on January 8, 1988 and filed a petition for separation on January 14, 1988. He testified that he planned to move out in December 1987. This is not a case where some *820 particular incident precipitated his departure. Instead, it is apparent he had elected to move out of the home in order to terminate the marriage. There is no evidence in the record that the husband tried to return to the matrimonial domicile but was refused.
A party is not justified in leaving the marital domicile unless that party has reasons for leaving, which would constitute grounds for a separation listed under La. C.C. Article 138; Leggio v. Leggio, 491 So.2d 440 (1st Cir.1986). Since the wife’s conduct was not such as to constitute the “legal fault,” i.e., cruel treatment necessary to support a separation decree, it was not cause for the husband’s abandonment. Mr. Bernard therefore was guilty of abandonment and the “legal fault” of the separation.
Accordingly, we reverse the trial court’s finding of mutual fault, but affirm the decree of separation based on the husband’s abandonment. The husband is to bear the cost of the appeal.
REVERSED IN PART AND AFFIRMED IN PART.