DECUIR, J.,
dissenting.
In reversing this fact intensive domestic dispute over the effects of mental illness on the dissolution of the marriage, the majority abandons the manifest error standard of review which governs this case. Accordingly, I dissent, finding the majority substitutes its own opinion for that of the fact finder and misinterprets jurisprudence pertinent to this case.
The majority characterizes the trial court’s reasoning as legal error and finds the trial court’s reliance on Credeur v. Lalonde, 511 So.2d 65 (La.App. 3 Cir.), writ denied, 513 So.2d 822 (La.1987) is misplaced. Contrary to the majority’s holding, however, I believe the trial court’s ruling was correct and well-supported by the Credeur decision. The wife in Credeur sought to be excused from fault in abandoning the matrimonial domicile based on a previous diagnosis of schizophrenia, which the medical evidence showed was in remission three months prior to the abandonment. Notwithstanding the fact that the wife’s medical condition on the date of abandonment could not be proved, the court nevertheless found that her mental illness excused her conduct. The court explained:
Although Dr. Dupree testified that he had no way of knowing what defendant’s mental condition was as of that date, we note that medical expert testimony is not necessary for a finding of mental incapacity sufficient to excuse a spouse from fault. Gipson v. Gipson, 379 So.2d 1171 (La.App. 2 Cir.), writ denied, 383 So.2d 799 (La.1980).
(Emphasis added.) Id. at 67. The trial court in the instant case relied on proof of a reasonable factual basis indicating a causal connection between Maxine’s behavior and the dissolution of the marriage. Similarly, the Credeur court found a “reasonable factual basis” to be sufficient proof:
Under these circumstances, there was a reasonable factual basis upon which the trial court could have concluded that defendant was, on August 27, 1984, suffering from a mental illness and that her mental illness contributed to or was the cause of her abandonment. Absent manifest error, findings of the trial court will not be disturbed on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).

Id.

In the recent case of Gremillion v. Gremillion, 39,588, p. 12 (La.App. 2 Cir. 4/6/05), 900 So.2d 262, 270, the court reiterated the rule that findings of fact “on the issue of fault will not be disturbed unless manifestly erroneous.” There, the wife’s behavior was described as irritable, emotional, and argumentative following brain surgery to remove a subdural hematoma. She had a history of bipolar disorder and depression, and her symptoms were exacerbated by the surgery. The trial court refused to attribute fault to her; rather, he found the husband’s failure to accompany her when she was put out of her daughter’s house constituted mental cruelty and constructive abandonment. In affirming the judgment of the trial court, the second circuit noted:
[T]o place legal blame or fault on Mrs. Gremillion, which in fact is a legal judgment of moral responsibility for ending the marriage, would be inappropriate. *75 Indeed it is questionable whether an individual suffering from mental illness can be blameworthy or at “fault” for the dissolution of a marriage where it is the symptomatic behavior of the mental disease that caused the dissolution.... This would be tantamount to placing moral blame on an insane individual for acts attributable to his insanity and over which he had no control.
Id., p. 13, 900 So.2d at 270.
In my view, the trial court properly interpreted the Credeur case and its reliance on that opinion was appropriate. Accordingly, I would adhere to the supreme court’s most recent pronouncement on the manifest error/clearly wrong standard of review in Driscoll v. Stucker, 04-0589 (La.1/19/05), 893 So.2d 32, which I believe governs this case:
In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard, which precludes the setting aside of a district court’s finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. Cenac v. Public Access Water Rights Assn., 2002-2660 (La.6/27/03), 851 So.2d 1006, 1023. Thus, a reviewing court may not merely decide if it would have found the facts of the case differently. Id. The reviewing court should affirm the district court where the district court judgment is not clearly wrong or manifestly erroneous. Id., 851 So.2d at 1023.
One of the basic tenets of the manifest error standard of review is that “reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the court of appeal is convinced that had it been the trier of fact, it would have weighed the evidence differently.” Parish Nat. Bank v. Ott, 2002-1562 (La.2/25/03), 841 So.2d 749, 753. This principle is further explained in Ott as follows:
This court has announced a two-part test for the reversal of the fact-finder’s determinations: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). The issue to be resolved by the reviewing court is not whether the trier of fact is right or wrong but whether the fact-finder’s conclusion was a reasonable one.... The reviewing court must always keep in mind that if the trial court’s findings are reasonable in light of the record reviewed in its entirety, the appellate court may not reverse, even if convinced that had it been sitting as trier of fact, it would have weighed the evidence differently.
04-0589, at p. 10, 893 So.2d at 41.
The facts in the record show that Maxine has regularly received psychiatric care since at least 1982, which care has included three hospitalizations. Her treating |4psychiatrist for more than twenty years testified at trial, as did a psychologist who treated Maxine for several years: John himself was actively involved in Maxine’s psychiatric care, transporting her to Baton Rouge for appointments and discussing her sessions and medications with the doctors. Through the years, Maxine was diagnosed with both Axis I and Axis II mental illnesses as described in the DSM-IV: anxiety disorder, hysterical personality disorder, depressive disorder, and an unspecified personality disorder. Pursuant to Axis III and Axis IV, physical ailments such as ulcers and chronic back pain were present and social and marital stres- *76 sors were noted. Additionally, Maxine- received low scores on functioning assessment tests with regard to Axis V. The trial court determined that Maxine’s medical history and mental conditions form a reasonable factual basis to explain or excuse her conduct.
I believe a reasonable factual basis exists for the finding of the trial court and see no manifest error in its judgment. The- trial court’s conclusions are well supported by the evidence. Maxine’s psychiatric history shows a longstanding disorder which directly affected the marriage and ultimately caused its failure. Her disorder was characterized by poor judgment, hysteria, depression, and social and marital stress. The testimony presented by both sides depict Maxine as a very troubled and emotional person. These symptoms culminated in and caused Maxine’s behavior and ended her relationship with her husband. Medical evidence directly linking each act of fault with Maxine’s diagnosis is unnecessary when the record so clearly depicts a woman whose disorders took over the household.
The majority, however, holds Maxine to an impossible burden. That she, as a mentally ill, depressed and anxious wife, with at times minimal functioning capabilities, could provide psychological evidence regarding each and every act of -misbehavior, as described by her husband and over the course of a twelve-year ^marriage, is preposterous. Tellingly, the majority is unable to describe, and not even once hint at, which behaviors might not be excusable and which are. How then could Maxine? That, of course, is the province of the trial court and the rationale of Credeur.
Because I find no manifest error in the conclusion that Maxine met her -burden of proving a causal connection between her mental illness and her fault in causing the failure of the marriage, I respectfully dissent from the reversal of the trial court’s judgment.